## FAVITTA v. STATE OF FLORIDA
### Case No. 83-0063AC
Seventeenth Judicial Circuit, Broward County

June 27, 1984

### APPEARANCES OF COUNSEL

**Douglas S. Lambeth** for appellant.

**Teresa Widmer,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

This Court having reviewed in its appellate capacity the written

briefs of the parties hereto as well as the record of the proceedings before the lower court, hereby affirms the verdict of the jury convicting the appellant of the offense of Driving while under the Influence of an Alcoholic Beverage.

The Court has considered appellant's argument that submission as evidence to the trial jury of appellant's refusal to submit to a breathalyzer test was:

(1.) Lacking in probative value and admitted contrary to Florida Statute 316.1932, and

(2.) Was violative of appellant's Fifth Amendment privilege.

With respect to argument (2.) above, the recent United States Supreme Court opinion of *South Dakota v. Neville*, 103 S.Ct. 916 (1983) unequivocally posited that an individual's refusal to accede to the blood alcohol test is not an act coerced by the police and is not protected by the privilege against self-incrimination. See also, Section 316.1932(c), Florida Statutes.

The Court is of the further opinion that there is no inherent statutory or constitutional right accorded to a driver to retract an initial refusal to submit to a breathalyzer test. Timing of necessity is an important consideration in admissibility of this examination, since a reading immediately after the driver is stopped will more accurately reflect his true capacity to operate a vehicle at the time he was arrested by the police. The delay resulting from a change of heart of the driver may serve to camouflage the driver's actual condition at the time he was apprehended. It is for this reason, the Legislature presumably omitted from the regulatory framework any provision extending to the operator of a vehicle an unlimited number of opportunities to consent and/or reject the breathalyzer examination.

The Court would further note that Section 316.1932(c), expressly provides that a driver need not be informed that the consequences of his refusal to submit to such a test will result in a suspension of his operating privileges. Such a failure of communication by the police will not exclude admissibility into evidence of a driver's refusal to take the breathalyzer test.

In view of the foregoing and the due deference, this Court in its appellate capacity must extend to the factual determinations of the County Court affecting its evidentiary rulings where there is a conflict in testimony, this Court affirms the decision and results as they occurred below.